**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

| | |
|---|---|
| **CHARLES TYLER,** | **PETITIONER** |
| V. | **NO. 4:05CV128-M-B** |
| **STATE OF MISSISSIPPI, ET AL,** | **RESPONDENTS** |

**O P I N I O N**

This cause comes before the court on the petition of Charles Tyler for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted, contrary to his plea of not guilty, in the Circuit Court of Washington County, Mississippi, of murder. He was sentenced to life imprisonment.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) 1-year period of limitation shall apply
> to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment
> of a State court. The limitation period shall
> run from the latest of
>     (A) the date on which the judgment became
> final by the conclusion of direct review
> or the expiration of the time for seeking
> such review;
>     (B) the date on which the impediment to
> filing an application created by State
> action in violation of the Constitution
> or laws of the United States is removed,
> if the applicant was prevented from filing
> such State action;
>     (C) the date on which the constitutional
> right asserted was initially recognized by
> the Supreme Court, if the right has been
> newly recognized by the Supreme Court and

> made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Accordingly, unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Cantu-Tzin*, 162 F.3d 295 (5th Cir. 1998), *cert. Denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998); *se also, Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation).

Tyler appealed his conviction to the Mississippi Court of Appeals, which on April 25, 2000, affirmed the conviction and sentence. Tyler moved for a rehearing, and the original opinion was withdrawn and a new one issued on May 17, 2001, again affirming the conviction. Since Tyler did not file a petition for writ of certiorari to the United States Supreme Court, his judgment became final on August 15, 2001, 90 days after the final decision in state court. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *see also,* 28 U.S.C. § 2101; *Bell v. Maryland*, 378 U.S. 226, 232 (1964) (time period in which petitioner could file a petition for writ of certiorari to Supreme Court must be considered in calculating the date on which judgment becomes final). Further, unless petitioner filed a "properly filed" application as contemplated by 28 U.S.C. § 2244(d)(2) on or before August 15, 2002, to toll the period of limitation, any habeas corpus petition challenging the convictions would

be filed too late. *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The Mississippi state court records indicate that no "properly filed" post-conviction motions challenging the conviction or sentence were filed by petitioner on or before January 20, 2005.[1] Accordingly, the tolling portion of § 2244(d)(2) is not applicable in this case.

The petition was filed in this court in May 2005, approximately 33 months after the filing deadline. Petitioner cites no "rare and exceptional" circumstances to warrant equitable tolling.[2] Consequently, the petition must be dismissed with prejudice as untimely filed. A final judgment in accordance with this opinion will be entered.

THIS the 24th day of May, 2006.

                                         **/s/ Michael P. Mills**
                                         **UNITED STATES DISTRICT JUDGE**

---

[1] Petitioner on May 17, 2004, filed a pleading in the Mississippi Supreme Court entitled Application for Leave to Proceed in the Trial Court with Motion for Post-Conviction Relief. The Supreme Court denied the motion on August 13, 2004. Since the motion was not filed until May 17, 2004, 641 days after the deadline for filing a federal habeas, it did not bring the tolling provisions of 2244(d) into play.

[2] Petitioner was not actively misled nor prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, at 513-14 (5th Cir. 1999).